UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL A. LEE, | ) | CASE NO. 4:08 CV 2781 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On November 25, 2008, pro se petitioner Paul A. Lee filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Lee, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against Warden J.T. Shartle at F.C.I. Elkton. He asks the court to vacate two sentences imposed by the United States District Court for the Northern District of West Virginia.

*Background*

Mr. Lee was indicted in the United States District Court for the Northern District of

West Virginia in 1989.  <u>United States v. Lee</u>, No. 89cr00273 (N.D. WV 1989).  He pleaded guilty to Count 2 of a five count indictment and was sentenced on June 15, 1991 to a term of 24 months, followed by 5 years of supervised release.  He was released to his supervised term on July 15, 1992.

In 1994, Mr. Lee was charged with, <u>inter alia</u>, conspiring to possess with intent to distribute crack cocaine in the United States District Court for the Northern District of West Virginia.  <u>See</u> <u>United States v. Lee</u>, No. 94cr50096 (N.D. WV 1994).  He pleaded guilty to two counts of the indictment.  The court sentenced him on January 30, 1995 to 200 months in prison, followed by 8 years of supervised release.  In addition, he was sentenced to 14 consecutive months of imprisonment for violating the terms of his 1991 supervised release term.

In 2008, Mr. Lee advised Warden Shartle that some information in his Pre-sentence Investigation Report (PSR) was inaccurate.  Petitioner complained that the supervised release term for the sentence imposed in Case No. 89-00273 should be 2-3 years, not 3-5 years.  With regard to Case No. 94-50096, Mr. Lee advised that his total offense level should be 32, not 34, before an adjustment for 'acceptance of responsibility.'  In the same case, he challenges the conspiracy charge because there were no co-defendants named in the indictment against him.  He also asserts that the supervised release term of 8 years in the 1994 case should be reduced to 6 years based on the crime for which he was convicted.

Citing <u>Sellers v. Bureau of Prisons</u>,[1] Warden Shartle wrote a letter, dated September

---

[1]In <u>Sellers v. Bureau of Prisons</u>, 959 F.2d 307 (D.C.Cir.1992), a prison inmate filed a civil action against the BOP, alleging that prison officials violated the Privacy Act, 5 U.S.C. § 552(e)(5), (g)(1)(C), (g)(4), when they used erroneous information in the inmate's PSI to make adverse decisions regarding his custody, security classification, job and quarters assignments and opportunity to earn money and good time credits.  <u>Id</u>. at 308-09. The District of Columbia Circuit concluded that the BOP was required under the Privacy Act to take reasonable steps to ensure that easily verifiable information in an inmate's prison record was accurate. <u>Id</u>. at 312.

18, 2008, to the United States Probation Office for the Northern District of West Virginia expressing Mr. Lee's concerns. Senior Probation Officer Jeffrey Wilkinson responded to the Warden in a letter dated September 29, 2008. The officer acknowledged that Mr. Lee was correct that the original guideline term for his offense in Case No. 89-00273 may have been 2-3 years. Mr. Wilkinson noted, however, that the term would have been adjusted to 3 years because the "statutorily required term of supervised release . . . was three years." (Letter from Wilkinson to Shartle of 9/29/08, at 1.) He added that Mr. Lee's term of supervised release started on July 15, 1992 and was revoked on January 30, 1995. When Mr. Lee was sentenced in Case No. 94-50096, Mr. Wilkinson advised that petitioner was considered a Career Offender and, therefore, a Base Offense Level of 34 was appropriate. The probation officer added that the absence of any co-defendants named in the indictment against Mr. Lee did not negate the charge that he "conspired with others known and unknown to the grand jury; thus, he conspired with others." Id. He concluded that the eight years of supervised release imposed on petitioner's 1994 sentence was accurate.

*Analysis*

Mr. Lee now claims that the supervised release term imposed in 1991 is illegal. He takes issue with the probation officer's statement that his supervised release term was three years, when petitioner thought it was five. Mr. Lee queries how "his 89-00273 supervised relase [sic] was adjusted from five to three years, with an [sic] hearing, if so petitioner would had one year left of this three years, the court illegal [sic] revoke his supervised release to 14 months, pushing supervised release pass [sic] his statutorily [sic] maximum." (Pet. at 4.) He seeks an order that "the 14 months district court . . . imposed on petitioner on June 15, 1991, should be vacated, an [sic] resentence

according to the amendment 52 made retroactive on January 15, 1988." (Pet. at 4.) Referring the court to Sentencing Guideline §5D3.2(b), Mr. Lee adds that "clearly Amendment 52 [to 5D3.2(b)] was retroactive on January 15, 1988, [supervised release] for Class C felony is 2-3 years." (Pet. at 2.)

Considering the amount of drugs Mr. Lee believes were attributed to him, he argues that it did not support the base offense level of 34 imposed by the trial court. He also asserts that the court improperly enhanced his base offense by six levels instead of four. As a career offender, he maintains that his penalty should start at 20 years, not 40 years. He asks the court to "refile his Sellers letter requesting the warden to refile or reconsider another letter to probation officer see letter file [sic] on October 20, 2008, as of today petitioner have [sic] not receive [sic] an answer from [the] warden." (Pet. at 5.)

*28 U.S.C. §2241*

Congress amended 28 U.S.C. § 2255 in 1948 to allow the court that imposed a prisoner's sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although the statute was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion

> is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. This safety valve provision within § 2255 allows a federal prisoner to bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Without question, Mr. Lee is attacking sentences imposed in 1991 and 1994. None of the challenges he raises addresses issues over which Warden Shartle has any authority, however. See Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965). More specifically, § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. "Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d 672, 673 (10th

5

Cir.1963), cert. denied 377 U.S. 980 (1964).

The petition is devoid of any facts or assertions that would support a conclusion that Mr. Lee's remedy pursuant to § 2255 was inadequate or ineffective.  It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam).  The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.  See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). In short, Mr. Lee has not provided a sufficient basis that relief is unavailable to him under a properly filed § 2255 motion.

Based on the foregoing, Mr. Lee's § 2241 petition is denied pursuant to 28 U.S.C. §2243, but without prejudice to any §2255 motion he may file in the sentencing court.[2]  The court

---

[2] In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it

(continued...)

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   IT IS SO ORDERED.

                s/ Kathleen M. O'Malley
                KATHLEEN M. O'MALLEY
                UNITED STATES DISTRICT JUDGE

DATED: January 30, 2009

---

[2](...continued)
so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.